GARRET, &c.
vs.
GAULT.

---

## Garret, &c. *vs.* Gault.

Ord. Pet.

Case 12.

December 23.

### ERROR TO MASON CIRCUIT.

Chief Justice HISE delivered the opinion of the court.

1. Previously to the passage of the act of 1846, to protect the rights of married women, the husband purchased slaves professedly for the wife, and with money which he said belonged to the wife—held that the legal title to the slaves vested in the husband, and upon his death, in his legal representative, as assets.

2. A court of law in a proceeding by ordinary petition cannot, where the pleadings do not so present the case, decide it as a case in equity, though the proof may show a case for a decision upon equitable principles. (*Code of Practice*, § 6.)

The evidence in this case does not sustain the joint judgment given against the defendants either for the slaves in contest or for the costs of suit. It appears that the plaintiff is the widow of John Gault, deceased, and the defendant Edward Gault, is the administrator of his estate, claiming the slaves in that character as assets coming to his hands from the estate of his intestate, who died possessed of them. The claim of the plaintiff is attempted to be supported by the testimony of two witnesses who prove, in substance, that in January or February, 1846, the plaintiff's deceased husband purchased the slaves in controversy professedly for his wife, the present plaintiff, and with the money or means which she had and owned before her marriage to him. The law and facts having by consent been submitted to the court, a judgment was rendered for the plaintiff upon this evidence.

If the facts as proven, had they occurred subsequent to the passage of the act to protect the rights of married women, approved the 23d of February, 1846, would have, in virtue of its provisions, authorized the judgment, (which is not admitted,) yet the court was not warranted by the evidence to assume that the slaves were purchased subsequent to the date of that act. The witness states positively that the slaves were sold by him and purchased by the plaintiff's deceased husband in *January* or *February*, 1846, and upon this statement, as it left the fact wholly uncertain as to whether the sale was in January or February, or if in February at all on what day of that month it took place, the plaintiff, upon whom the law imposes the burthen of proof to make out her case with reasonable certainty, holding as she does the affirmative upon the issue in the cause, must fail in her action.

The husband was entitled to the wife's money and personal estate which she owned at the time of the marriage, and although he may have applied the means thus derived to the purchase of the slaves in

1. Previously to the passage of the act of 1846, to protect the rights of married wo-

GARRET, &c.
*vs.*
GAULT.

men, the hus-
band purchas-
ed slaves pro-
fessedly for the
wife, and with
money which
he said belong-
ed to the wife
—held that the
legal title to the
slaves vested in
the husband,
and upon his
death, in his
legal represen-
tative, as assets.

contest, professing at the time that they were pur-
chased by him for his wife, nevertheless the legal title
to the slaves would, by operation of law, vest in and
pass to the husband, and upon his death to his per-
sonal representative as assets to be administered
upon as other assets for the benefit of the creditors
and distributees. Whether the state of fact as pre-
sented by the evidence is such as that in equity, and
according to the principles by which courts of chan-
cery are governed, as applicable to constructive trusts,
the husband would be held to be a trustee for the
wife in respect to these slaves, and if purchasers from
or creditors of the husband were not contestants of
her claim, whether a court of equity would compel
the administrator to recognize such trust and execute
it, or order a surrender of the property to the wife, is
not now decided.

In this action by ordinary proceedings, where nei-
ther the petition or answers presented a state of case
which would have authorized the court to have trans-
ferred the case to the equity docket, and which there-
fore was not done, it is certain the plaintiff could not
recover upon the proof, inasmuch as by that proof it
appeared that the legal title to the slaves was vested
in the deceased husband and passed after his death
to his personal representative, the defendant Edward
Gault.

2. A court of
law in a pro-
ceeding by or-
dinary petition
cannot, where
the pleadings
do not so pre-
sent the case,
decide it as a
case in equity;
though the
proof may show
a case for a de-
cision upon e-
quitable prin-
ciples. (*Code of
Practice,* §6.)

It would not have been proper for the court to have
determined this as a case in equity, although the
proof may have presented one which would, if unan-
swered, or not rebutted or disproved, have entitled
the plaintiff to relief in a court of equity, because
the pleadings in this case, by no single averment in
the petition or answers, exhibits a case within the ju-
risdiction of that court; and the common law judge
cannot preside over a case which upon the pleadings,
is one of exclusive common law jurisdiction, and then
decide the case as a chancellor, because the proof
may show a case of exclusive equitable jurisdiction.
In such case, after answer filed, unless the plaintiff,

by leave of court, amends his petition, so as therein to present a case of equitable jurisdiction, and thus give the defendant notice of the true nature and ground of the claim and action, the court should render judgment in favor of the defendant. (*Code of Practice*, § 6.)

Wherefore the judgment is reversed, and cause remanded for further proceedings not inconsistent with this opinion.

*H. Taylor*, for plaintiff; *Payne*, and *Morehead & Brown*, for defendant.